**HARRISON v. TERMINAL R. R. ASS'N OF ST. LOUIS, MO.**

No. 12083.

Circuit Court of Appeals, Eighth Circuit.

March 12, 1942.

Rehearing Denied April 7, 1942.

Charles M. Hay and E. D. Franey, both of St. Louis, Mo. (S. D. Flanagan, of St. Louis, Mo., on the brief), for appellant.

Carleton S. Hadley, of St. Louis, Mo., for appellee.

Before THOMAS and JOHNSEN, Circuit Judges, and REEVES, District Judge.

JOHNSEN, Circuit Judge.

This is a suit on behalf of the "red caps" employed at the Union Station in St. Louis, Missouri, to recover unpaid minimum wages and liquidated damages under section 16(b) of the Fair Labor Standards Act of 1938, 52 Stat. 1069, 29 U.S.C.A. § 216 (b), for the period from October 24, 1938, to January 5, 1940. The station is owned and operated by appellee and provides depot and track facilities in the city of St. Louis for fifteen interstate railroad carriers, who are the holders of appellee's capital stock.

At the time here involved, appellee required each red cap to report to it daily the amount he had received as tips from the traveling public, to be credited upon the minimum wage to which he would be entitled under section 6 of the Fair Labor Standards Act, 54 Stat. 616, 29 U.S.C. A. § 206. This "accounting and guarantee" system of payment had been placed in effect by a written notice to each red cap, in identical language with that involved in Williams v. Jacksonville Terminal Co. (Pickett v. Union Terminal Co.), 62 S.Ct. 659, 86 L.Ed. ——, decided by the Supreme Court on March 2, 1942. Each red cap had signed a receipt for the notice, reading as follows: "This will acknowledge your notice * * * relative to compensation under the Fair Labor Standards Act. I accept the conditions and will be governed accordingly." The tips reported by each red cap equaled or exceeded in every instance the amount of the minimum wage requirement, and appellee accordingly made no other wage payments to them.

The question presented is whether appellee, under these circumstances, has validly satisfied its minimum wage obligation under the Fair Labor Standards Act. The red caps contend that the tips which they

received were personal gratuities, which ought not to be allowed to be treated as wages under the Fair Labor Standards Act, as a matter of public policy, and the revenue from which should not be permitted to inure to the benefit of appellee as a carrier, because no tariff covering such revenue had ever been filed with the Interstate Commerce Commission and its receipt by appellee would therefore constitute a violation of 49 U.S.C.A. §§ 2 and 6, par. (7).

These contentions must be regarded as having been controllingly answered by the Supreme Court in Williams v. Jacksonville Terminal Co. and Pickett v. Union Terminal Co., supra, and a further discussion of them here is unnecessary. On the basis of the decision of the Supreme Court in these two cases, the judgment of the trial court denying a recovery must be affirmed.

Affirmed.